IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 3:07cr433–HEH |
| | ) | |
| DANNY DAMON SMITH, | ) | |
| | ) | |
| Petitioner. | ) | |

# MEMORANDUM OPINION
(Accepting Report and Recommendation
and Denying 28 U.S.C. § 2255 Motion)

Danny Damon Smith, a federal inmate proceeding *pro se*, filed this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Smith contends that he is entitled relief on the following grounds:

Claim 1    Counsel[1] provided ineffective assistance at sentencing:
(a) Counsel failed to object to the Court's two-level enhancement for use of a firearm; and,
(b) Counsel failed to move for a downward departure or a variant sentence based upon Smith's diminished capacity.

Claim 2    Counsel failed to file an appeal.

Claim 3    The Government interfered with Smith's right to counsel when it subpoenaed his prior counsel, Mufeed W. Said.

By Memorandum Opinion and Order entered on February 1, 2012, the Court dismissed Claims 1 and 3 and referred Claim 2 to the Magistrate Judge for all further proceedings, including an evidentiary hearing if necessary. The February 1, 2012 Memorandum Opinion and Order also directed Smith to promptly submit documents to

---

[1] Claire G. Cardwell and Theodore D. Bruns represented Smith.

support Claim 2. The matter is before the Court on the Magistrate Judge's recommendation that the Court dismiss Claim 2 for Smith's repeated and prolonged failure to provide the documents ordered by the Court in its February 1, 2012 Memorandum Opinion and Order. For the reasons set forth below, the Report and Recommendation will be accepted and adopted.

## I. REPORT AND RECOMMENDATION

The Magistrate Judge made the following proposed findings and recommendations:

> As pertinent here, the District Court ordered the following documents to be submitted within twenty-one days [of the entry of the February 1, 2012 Memorandum Opinion and Order]:
>
>> A. Petitioner shall submit copies of any records or correspondence which support his assertion that he conveyed to counsel his desire to file an appeal.
>>
>> B. Petitioner is directed to provide the Court with a statement reciting any communications he had with counsel concerning Petitioner's instructions to counsel regarding an appeal. The statement must include a verbatim account of what Petitioner said to his attorney[s] and the exact responses from his attorney[s]. The statement must recite the date and locations of any conversations that took place. Additionally, Petitioner must identify what efforts he made to ascertain whether his attorneys had filed an appeal. Petitioner must explain when and why he first suspected that counsel had not filed an appeal. Such statement must be in affidavit form or sworn under penalty of perjury.
>
> (Feb. 1, 2012 Mem. Op. 10.) On February 28, 2012, the Court granted Smith's motion for an extension of time in which to file these documents and directed Smith to file the documents within forty-five days. (Feb. 28, 2012 Order.) Smith failed to file the documents as ordered within forty-five days.

2

By Memorandum Order dated April 26, 2012, the Court ordered Smith to show cause within eleven days for his failure to comply with the terms of the February 1, 2012 Memorandum Opinion and Order and the February 28, 2012 Order. The Court warned Smith that a failure to comply with the terms of the Court's order and failure to submit the documents as ordered would result in the dismissal of Claim 2. Smith failed to show cause and failed to file the documents as ordered within eleven days.

Instead, in the interim Smith filed nonresponsive, unrelated letters and motions (Docket Nos. 121, 122) and again requested a forty-five day extension of time to respond to the Court's orders, stating that he is in "segregated (23-1) lockdown with limited access to the law library and limited legal materials in his cell." (Pet'r's Mot. Ext. Time 1.) (Docket No. 123.) Given the procedural history of the case and Smith's past noncompliance with Court orders, the Court declined to grant Smith a forty-five day extension of time. Instead, by May 10, 2012 Memorandum Order, the Court ordered the following:

> 1. Smith shall show cause for his failure to comply with the terms of the February 1, 2012 Memorandum Opinion and Order, the February 28, 2012 Order, and the April 26, 2012 Memorandum Order no later than May 21, 2012.
>
> 2. Smith shall file the documents as ordered by the February 1, 2012 Memorandum Opinion and Order no later than May 21, 2012.
>
> 3. Failure to fully comply with the terms of this Memorandum Order by May 21, 2012 will result in the dismissal of Claim 2.
>
> 4. Given Smith's ability to file unrelated and nonresponsive materials, the Court will not entertain any further motions for extension of time absent exceptional circumstances.

(May 10, 2012 Mem. Order 2.)

On May 17, 2012, the Court received a letter from Smith, indicating that Smith did not receive his legal materials until March 24, 2012 and that the law library is not open at all times. (Docket No. 125.) This letter did not include or attach the documents as ordered by the Court.

3

> On May 25, 2012, the Court received a Memorandum from Smith, purportedly responding to the May 10, 2012 Memorandum Order. (Docket No. 127.) As an explanation for why he did not file the documents on time, Smith states that he did not receive his legal materials until March 24, 2012 because he was transferred from USP Lewisburg to USP Allenwood. (Pet'r's Mem. ¶ 1.) This Memorandum did not include or attach the documents as ordered by the Court.[2]
>
> May 21, 2012 has passed. Smith has yet to file the documents as ordered. Further, Smith has failed to offer an adequate excuse for his noncompliance with the Court's orders for several reasons. First, according to his own submissions, it appears that two months have elapsed since Smith received his legal materials. Thus, his transfer and brief inability to access his legal materials cannot serve as a basis for his noncompliance. Second, although Smith complains that the law library is not open at all times, he has been able to file several unrelated and nonresponsive letters and motions since the Court's February 1, 2012 Memorandum Opinion and Order. (Docket Nos. 115, 121, 122.) Finally, even without access to his legal materials and the law library, Smith has failed to explain why he could not timely file an affidavit or declaration reciting the facts supporting his claim as ordered by the Court. Thus, Smith has failed to adequately show cause for his noncompliance with the Court's orders.
>
> Although Smith's *pro se* status makes him "entitled to some deference," it does not relieve him of his duty to abide by the rules and orders of this Court. *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989). Smith has had three months to file the documents, has received two extensions of time, and has been warned multiple times by the Court about the repercussions for noncompliance. For the foregoing reasons and pursuant to Federal Rule of Civil Procedure 41(b), the Magistrate Judge RECOMMENDS that the Court DISMISS WITH PREJUDICE Claim 2 and DENY Smith's § 2255 Motion.

(Report and Recommendation entered May 29, 2012 (other than first alteration, all alterations in original.)

---

[2] In his Memorandum, Smith vaguely suggests that he has sent documents to the Court: "I send [*sic*] my documents off to the courts and the prosecution which every party should have[.]" (Pet'r's Mem. ¶ 2.) However, Smith does not indicate when he sent these documents, and the Court has not received any documents responsive to the Court's February 1, 2012 Memorandum Opinion and Order.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). In the absence of a specific written objection, this Court may adopt a magistrate judge's recommendation without conducting a de novo review. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

## III. SMITH'S RESPONSE

On June 14, 2012, the Court received a letter from Smith wherein he suggests that he complied with Court's orders because he "gave his legal documents to the officer at this institution and Smith had no ideal [*sic*] that [they] did not get to the courts . . . [therefore] Smith shouldn't be held accountable." (June 14, 2012 Letter ¶ 2.) Smith requested "Leave of Court . . . . [to] send his only copy." (*Id.* at 2.) Smith apparently sought permission to send the Court the documents previously ordered by the Court in its February 1, 2012 Memorandum Opinion and Order.

By Memorandum Order entered August 15, 2012 the Court instructed Smith as follows:

> [He m]ust file immediately any documents responsive to the Court's prior directives and the Report and Recommendation. In the absence of such documents, the Court declines to assess whether Petitioner has stated an adequate basis for any extension of time. Petitioner must file any further response in this matter within eleven (11) days of the date of entry hereof.

(Aug. 15, 2012 Mem. Order 2.)

Twenty-eight (28) days after the entry of the August 15, 2012 Memorandum Order, Smith belatedly responded:

> Dear Magistrate . . .
>
> I, Danny Smith apologize to the courts on my behalf for this misunderstanding because the documents I claim to have is [sic] another copy of some legal issues I have. Therefore my motion is not in your hands cause [sic] the motion for claim 2 I sent out to the courts was the only copy I had. Been [sic] that I don't have copies of the attorney letters I can not processed [sic] my claim 2 issues. I truly hope this brief epistle is understandable for the courts.

(Sept. 12, 2012 Letter (capitalization corrected).)

More than seven (7) months have elapsed since the Court first directed Smith to provide the documents relevant to Claim 2. The Court warned Smith that the failure to provide the documents and an adequate explanation for his dilatory conduct would result in the dismissal of this claim.[3] Nevertheless, he has failed to provide the documents or offer any adequate explanation for failing to do so.

---

[3] Instead of complying with the orders to provide documents, Smith submitted a "Motion for Leave and Extension of Time To File Supplement Pleading by Permission of Court," wherein he seeks to raise frivolous claims challenging the Court's jurisdiction. By Memorandum Order entered on March 9, 2012, the Court denied Smith's attempt to

Although Smith asserts that he no longer possesses any correspondence from counsel, that assertion does not explain why Smith did not comply with the requirement that he:

> [P]rovide the Court with a statement reciting any communications he had with counsel concerning Petitioner's instructions to counsel regarding an appeal. The statement must include a verbatim account of what Petitioner said to his attorney[s] and the exact responses from his attorney[s]. The statement must recite the date and locations of any conversations that took place. Additionally, Petitioner must identify what efforts he made to ascertain whether his attorneys had filed an appeal. Petitioner must explain when and why he first suspected that counsel had not filed an appeal. Such statement must be in affidavit form or sworn under penalty of perjury.

(Feb. 1, 2012 Mem. Op. 10.) Smith's contumacious conduct warrants the dismissal of Claim 2 with prejudice. To the extent Smith's June 14, 2012 Letter and September 12, 2012 Letter constitute objections to the Report and Recommendation, they will be overruled.

## IV. CONCLUSION

Smith's "Motion for Leave and Extension of Time To File Supplement Pleading by Permission of Court" (Dk. No. 122) will be denied; his objections to the Report and Recommendation will be overruled; the Report and Recommendation (Dk. No. 128) will be accepted and adopted; and, Claim 2 will be dismissed with prejudice. Accordingly,

---

raise such claims as frivolous and as barred by the statute of limitations. Accordingly, Smith's "Motion for Leave and Extension of Time To File Supplement Pleading by Permission of Court" (Dk. No. 122) will be denied for the reasons set forth in the March 9, 2012 Memorandum Order.

the 28 U.S.C. § 2255 Motion (Dk. No. 98) will be denied and the action will be dismissed.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Smith is entitled to further consideration in this matter. A certificate of appealability is therefore denied.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Oct 4, 2012
Richmond, Virginia